[NOT FOR PUBLICATION]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT
 

No. 98-1321

 UNITED STATES,

 Plaintiff, Appellee,

 v.

 JOSE R. HERNANDEZ-RODRIGUEZ,

 Defendant, Appellant.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF PUERTO RICO

 [Hon. Juan M. Perez-Gimenez, U.S. District Judge]

 

 Before

 Torruella, Chief Judge,
 Selya and Stahl, Circuit Judges.

 

Teodoro Mendez Lebron on brief for appellant.

 

 April 22, 1998
 

 Per Curiam. Upon independent review of the portions of
the appellate record provided to us, and with due deference to
the district court's findings of fact, see United States v.
Tortora, 922 F.2d 880, 882 (1st Cir. 1990), we conclude that
the pre-trial detention order should not be disturbed. 
 Specifically, it appears that the government sustained
its burden to prove by a preponderance of the evidence that
defendant poses such a substantial flight risk that no
conditions will reasonably assure his appearance at trial. SeeUnited States v. Dillon, 938 F.2d 1412, 1417 (1st Cir. 1991). 
Defendant's rebuttal evidence, including his family and
community ties, must be weighed along with the presumption
arising under 18 U.S.C. 3142(e) and the other factors listed
in 3142(g). In our view, that rebuttal evidence did not
outweigh the statutory presumption, the information regarding
defendant's role in importing an exceptionally large quantity
of drugs, and the risk that defendant will flee to avoid a long
term of imprisonment. See United States v. Palmer-Contreras,
835 F.2d 15, 18 (1st Cir. 1987). The district court was not
required to give that rebuttal evidence more weight or to
explain further its rejection of the proposed conditions of
release. Accordingly, we do not conclude that the district
court should have reached a different result. See Tortora, 922
F.2d at 883.
 Because we conclude that the detention was justified based
on risk of flight, we need not consider whether it also was
justified based on dangerousness. See Dillon, 938 F.2d at
1417.
 We also reject defendant's argument that he is entitled to
release due to the district court's delay in ruling on his
motion. See United States v. Montalvo-Murillo, 495 U.S. 711,
716-17 (1990) ("Neither the timing requirements nor any other
part of the [Bail Reform] Act can be read to require, or even
suggest, that a timing error must result in release of a person
who should otherwise be detained."). 
 Affirmed. See 1st Cir. Loc. R. 27.1.